LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

14 CV          5298

JUDGE DANIELS

RECEIVED
JUL 15 2014
U.S.D.C. S.D. N.Y.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

LUIS GARCIA,
*on behalf of himself, FLSA Collective Plaintiffs
and the Class,*

     Plaintiff,

       v.

SPECTRUM OF CREATIONS, INC. d/b/a FOOD
TRENDS and ALISON MOSKOWICZ,

     Defendants.

---

Case No.:

CLASS AND COLLECTIVE
ACTION COMPLAINT

Jury Trial Demanded

Plaintiff, LUIS GARCIA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, SPECTRUM OF CREATIONS, INC. d/b/a FOOD TRENDS (the "Corporate Defendant") and ALISON MOSKOWICZ (the "Individual Defendant," and collectively with the Corporate Defendant, the "Defendants") and states as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) tips illegally retained by Defendants, (4) liquidated damages and (5) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid spread of hours, (4) tips illegally retained by Defendants, (5) an award equal to all surcharges illegally retained by Defendants, (6) statutory penalties, (7) liquidated damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, and (8) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.     Plaintiff, LUIS GARCIA, is a resident of Bronx County, New York.

6.     SPECTRUM OF CREATIONS INC. d/b/a FOOD TRENDS is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 56 East 41st Street, New York, New York 10017.

7.    Defendant, ALISON MOSKOWICZ, is the owner and Chief Executive Officer of SPECTRUM OF CREATIONS, INC. d/b/a FOOD TRENDS. Defendant MOSKOWICZ exercised control over the terms and conditions of the Plaintiff, FLSA Collective Plaintiffs and Class members. MOSKOWICZ had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, the FLSA Collective Plaintiffs and the Class members. At all times, employees could complaint to Defendant MOSKOWICZ directly regarding any of the terms of their employment, and Defendant MOSKOWICZ would have the authority to effect any changes to the quality and terms of employee's employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant MOSKOWICZ is always present at the place of business and directly reprimands any employee who does not perform her duties correctly. She also had the power and authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members. Plaintiff was hired and fired directly by Defendant MOSKOWICZ.

8.    The Defendants operate a catering business under the trade name "Food Trends."

9.    At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

10.    At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.      Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped employees, including delivery persons and food preparers employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs"). Due to Defendants' unique fraudulent scheme, all delivery people and food preparers were tipped employees.

12.      At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. Additionally, Defendants retained all tips earned by Plaintiff and FLSA Collective Plaintiffs. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Specifically, Plaintiff and FLSA Collective Plaintiffs suffered because Defendants willfully violated their rights by failing to pay their minimum wages in the lawful amount for hours worked. Defendants, however, were not entitled to take any tip credits under the FLSA, because (i) Defendants failed to properly provide notice to all tipped employees that Defendants were taking a tip credit, (ii) management retained the mandatory service charge without providing notice to customers that management was sharing a portion of the mandatory service charges, (iii) management retained all tips earned by tipped employees and (iv) tipped employees spent at least half of their time in non-tipped activities.

13.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14.    Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all delivery persons and food preparers employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period"). Due to Defendants' unique fraudulent scheme, all delivery people and food preparers were tipped employees.

15.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.    The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the

calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay minimum wage, (ii) failing to pay overtime compensation, (iii) failing to pay spread of hours, (iv) failing to pay to tipped employees the mandatory service charge charged to customers and illegally withholding such amounts, (v) retaining all tips earned by tipped employees, (vi) failing to provide wage statements that were in compliance with the requirements under the New York Labor Law, and (vii) failing to provide proper wage and hour notice to Class members, at date of hiring and annually, per requirements of the New York Labor Law.  Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit

against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20.      Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.  Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b.  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c.  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

    d.  Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

    e.  Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

    f.  Whether Defendants took proper amount of tip credit allowance under the New York Labor Law;

    g.  Whether Defendants retained service charges without providing notice to customers that management was retaining the service charges;

    h.  Whether Defendants retained all tips earned by tipped employees;

    i.  Whether Defendants provided proper wage statements to Plaintiff and the Class members per requirements of the New York Labor Law;

    j.  Whether Defendants provided proper wage and hour notice, at date of hiring and annually, to all tipped employees per requirements of the New York Labor Law;

k.  Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% of each workday;

l.  Whether Defendants paid Plaintiff and Class members the federal and state minimum wage for all hours worked;

m.  Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law; and

n.  Whether Defendants paid Plaintiff and Class members spread of hours.

## STATEMENT OF FACTS

### *The Business of Food Trends*

22.    Defendant Spectrum of Creations, Inc. was incorporated in 2005. At all relevant times to this action, Spectrum of Creations, Inc. has operated and done business under the "Food Trends" brand.

23.    The Corporate Defendant is wholly owned by Individual Defendant, Alison Moskowicz.

24.    Defendants operate and maintain a kitchen at 56 E. 41st Street, New York, NY 10017, from which all of the food items for the Food Trends catering business are prepared.

25.    The primary business of the Defendants is providing off-premises sale of food and drink for consumption, and providing corporate and private clients with event planning services, including developing menus and preparing and delivering all food for the event.

26.    Defendants also provide daily *a la carte* breakfast, lunch, and dinner catering menus for door to door delivery that is made upon request. Customers have the option of submitting their food order online through the use of www.seamlessweb.com ("seamless web"), whereupon Defendants receive the customers' order electronically over the internet,

9

and proceed to prepare the food order in their kitchen, and provide delivery to the customer's residence or place of business.

27.    Customers also make "traditional" food orders, i.e., non-seamless web orders, by simply calling the Restaurant and placing an order for delivery or for delivery in connection with pre-planned parties and banquets.

*28.*    Food Trends employees serve multiple functions rather than being designated a specific position. All non-exempt employees serve as food preparers and delivery persons. Such employees are responsible for preparing all orders and carrying out the catering services for their clients. In addition to preparing food and making deliveries, all personnel is also required to spend at least 50% of their working time in the following non-tipped related duties: bundle plastic ware for orders, restock freezers, bundle condiments, wash dishes, clean work station and handle any other tasks assigned by Defendants.

### *Charges Collected by Food Trends*

29.    At all relevant times to this action, Food Trends collected mandatory service charges from its customers. However, on customer's invoices, there was no distinction between a service charge and gratuity. The invoices contained no explanation of such charges.

30.    Plaintiff and other tipped employees did not receive any portion of the mandatory surcharge. The management retained 100% of the mandatory surcharge. Prospective customers did not receive any notice that management would retain the mandatory surcharge.

31.    Defendants failed to provide customers with an explicit written statement that the mandatory surcharge was not a gratuity to be retained entirely by the deliverer.

32.    Additionally, Food Trends collected additional gratuities from its customers, which management retained in its entirety. Plaintiff and other tipped employees did not receive any portion of the gratuities earned by them.

### *Plaintiff and the Class*

33.    In or about December 2008, Plaintiff, LUIS GARCIA, was hired by Defendants to work as a counter person, food preparer and delivery person for Defendants at their "Food Trends" restaurant, located at 56 E. 41st Street, New York, NY 10017. Shortly thereafter, the restaurant closed all in-house services and became a full-time catering business. Since 2009, Plaintiff has worked as a food preparer and delivery person for the catering business. More than 50 other individuals have also worked in such similar dual capacities since 2009. Plaintiff was terminated on March 17, 2012.

34.    During his employment, Plaintiff GARCIA had a regular weekly work schedule of 5am to 6pm, for 6 days per week.    Throughout his employment, he was compensated on a fixed-salary basis of $400 per week. There was never any understanding that such salary was to cover hours worked over 40 per workweek. At all times, Plaintiff and other food preparers/delivery workers were tipped employees and paid below the minimum wage and were not compensated the premium for all hours worked over 40 per week. At all relevant times, Defendants retained all tips and mandatory surcharges earned by Plaintiff GARCIA, FLSA Collective Plaintiffs and the Class.

### *Employee Pay*

35.    At all times relevant to this action, Food Trends paid its employees on a fixed-salary basis, amounting to regular rates below the prevailing statutory minimum wage.

36.    At all times in which Plaintiff and the Class worked in excess of forty (40) hours, Defendants failed and refused to provide Plaintiff and the Class with overtime compensation in direct contravention of federal and state law.

37.    Plaintiff and Class members did not receive any notice that Defendants were taking a tip credit.  In addition, they did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment.  They were also never informed in writing as to their hourly rate of pay and overtime rate of pay.

38.    Plaintiff and other tipped employees were required to engage more than 20% of their working time in non-tipped related. Such activities were unrelated to their duties as delivery persons. In fact, no employee was soley dedicated to deliveries. All non-exempt employees of food trends served as delivery persons and food preparers, spending at least half their time performing non-tipped activities.

39.    Defendants unlawfully failed to pay the Plaintiff, the FLSA Collective Plaintiffs and members of the Class the Federal and State minimum wage for all hours worked.

40.    Defendants unlawfully retained all tips and mandatory surcharges earned by Plaintiff, FLSA Collective Plaintiffs and Class members.

41.    Defendants unlawfully failed to pay the Plaintiff, the FLSA Collective Plaintiffs and members of the Class one-and-one-half times New York State and federal minimum wage for hours they worked over 40 in a workweek.

42.    Defendants failed to keep track of the daily amount of tips or mandatory surcharges received by Plaintiff, FLSA Collective Plaintiffs and Class members, and also failed to keep the proper employment records required under the FLSA and NYLL.

43.    For the hours that Defendants did pay Plaintiff, Defendants paid Plaintiff, the FLSA Collective Plaintiffs and the Class members, on a fixed-salary basis, amounting to hourly rates below the statutory minimum wage. Defendants were not entitled to take any tip credits under the FLSA or NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the FLSA and NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, (iii) retained service charges without providing notice to customers that management was sharing a portion of the mandatory service charges, (iv) retained all tips earned by employees, and (v) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL.

44.    Defendants failed to properly notify Plaintiff, the FLSA Collective Plaintiffs, and Class members of their hourly rate of pay and overtime rate of pay, in direct violation of the New York Labor Law.  Defendants also failed to provide proper wage and hour notices, at the date of hiring and annually, to all non-exempt employees in violation of the requirements of the New York Labor Law.

45.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff, FLSA Collective Plaintiffs and Class members due to the invalid tip credit that Defendants claimed.

46.    Plaintiff and Class members' workdays regularly exceeded ten hours per day. However, Defendants knowingly and willfully operated their business with a policy of not paying spread of hours to Plaintiff and Class members.

47.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of 40 hours per week.

48.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

49.     Plaintiff realleges and reavers Paragraphs 1 through 48 of this class and collective action Complaint as if fully set forth herein.

50.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

51.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

52.     At all relevant times, the Corporate Defendants had gross annual revenues in excess of $500,000.

53.     At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

54.    Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

55.    At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked.

56.    At all relevant times, the Defendants had a policy and practice of retained all tips and mandatory surcharges earned by Plaintiff and FLSA Collective Plaintiffs.

57.    Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them minimum wages in the lawful amount for hours worked.  Defendants were not entitled to take any tip credits under the FLSA, because (i) they failed to properly provide notice to all tipped employees that Defendants were taking a tip credit, rendering the tip credit invalid in respect of all tipped employees; (ii) they retained the service charges without giving notice to customers that management was retaining all of the mandatory service charges; (iii) they retained all tips earned by employees, and (iv) tipped employees spent at least 50% of their time in non-tipped activities.

58.    Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

59.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

60.    Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

61.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

62.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages and tips and mandatory surcharges retained by Defendants, plus an equal amount as liquidated damages.

63.    Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

64.    Plaintiff realleges and reavers Paragraphs 1 through 63 of this class and collective action Complaint as if fully set forth herein.

65.    At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

66.    Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

67.    Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

68.    Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked.  Defendants, however, were not entitled to take any tip credits under the NYLL, because (i) they failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the NYLL, (ii) they failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, (iii) they illegally retained Plaintiff's and the New York Class members' tips (including mandatory surcharges) without giving notice to customers that management was sharing in the mandatory service charges, thereby rendering the "tip credit" invalid and (iv) they caused tipped employees to engage in non-tipped duties at least 50% of each workday in violation of NYLL.

69.    The New York Labor Law prohibits an employer from making any deductions from wages, other than standard deductions for taxes. N.Y. Lab. Law § 193.

70.    Defendants unlawfully demanded and retained gratuities and "charges purported to be gratuities" from Plaintiff and Class members, in violation of the New York Labor Law. N.Y. Lab. Law § 196-d.  Defendants failed to pay spread of hours to Plaintiff and Class members. Plaintiff and Class members' workdays regularly exceeded ten hours per day

but they were not paid their spread of hours pursuant to New York State Department of Labor Regulations §137.17; 146-1.6.

71.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all tipped employees per requirements of the New York Labor Law.

72.     Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, tips and mandatory surcharges retained by Defendants, unpaid spread of hours, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.     An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.     An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e.    An award of unpaid spread of hours due under the New York Labor Law;

f.    An award equal to all surcharges illegally retained by Defendants in the past six years that should have been distributed to Class members;

g.    An award equal to all tips retained by Defendants;

h.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage and for tips and mandatory surcharges illegally retained by Defendants, pursuant to 29 U.S.C. § 216;

i.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage, tips and mandatory surcharges illegally retained and spread of hours pursuant to the New York Labor Law;

j.    An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l.    Designation of this action as a class action pursuant to F.R.C.P. 23;

m.    Designation of Plaintiff as Representative of Class; and

n.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: July 15, 2014

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

By: _____
              C.K. Lee, Esq.