

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

David B. Feldman, Esq.
Direct: 212.554.7635 Fax: 212.377.6068
dfeldman@mosessinger.com

April 27, 2015

**VIA ECF**
Hon. Gabriel W. Gorenstein
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    Garcia, et al. v. Spectrum of Creations Inc., et al.
                [Docket No.: 14-cv-05298 (AJN)(GWG)]

Your Honor:

      Pursuant to Rule 2.A of the Individual Practices of this Court, and in response to the letter to this Court dated April 23, 2015 from C. K. Lee, Esq. of the Lee Litigation Group, PLLC, attorneys for Plaintiffs, Defendants oppose Plaintiffs' request for, among other things, an order to compel discovery.

      Contrary to the assertions contained in Plaintiffs' letter, and pursuant to an Order of this Court entered on March 17, 2015, the parties did conduct a meet-and-confer and resolved all pending discovery issues and set dates for document and interrogatory demands and/or responses along with party depositions. Plaintiffs are correct that Defendants requested and received an extension from April 10, 2015 to April 16, 2015 to produce Defendants' discovery responses.

      Defendants continue to oppose Interrogatories Nos. 1 and 10 of Plaintiffs' First Set of Interrogatories requesting specific and detailed information of "Covered Employees." Plaintiffs' requests presuppose conditional collective certification and presume that the "Covered Employees" are or will be covered at this stage of the proceedings or anytime thereafter. Further, Defendants maintain that these specific interrogatories are violative of Local Civil Rule 33.3. Defendants also oppose Document Request No. 2 of Plaintiffs' First Request for Production of Documents for the "Covered Employees." Defendants note that the cases cited by Plaintiffs in their April 23rd letter to this Court at best concern information and not document production of party defendants.

Contrary to Plaintiffs' further contention that Defendants failed to comply with e-discovery demands, Defendants have made and continue to make good faith efforts to comply with Document Request No. 24 of Plaintiffs' First Request for Production of Documents. See pages 57 – 61 of the Rough Deposition Transcript of David Moskowicz annexed hereto and made a part hereof as Exhibit A.

Further, Defendants attach hereto copies of e-mails reflecting Defendants' efforts to comply with the letter and the spirit of the meet-and-confer rules of this Court. See Exhibits B, C and D, respectively, annexed hereto and made a part hereof. In Exhibit D, sent in response to the written misstatements of Plaintiffs, Defendants explicitly note that it would be "unfortunate if we have to have a meet and confer on our meet and confer."

Finally, on the afternoon of April 22, 2015, two days before the first of the five Plaintiffs were to be deposed, Plaintiffs unilaterally cancelled all depositions of Plaintiffs after having conducted the depositions of the two defendants. On the following morning of April 23, 2015, Defendants expressed disappointment in Plaintiffs' actions and asked Plaintiffs "to discuss any and all outstanding discovery issues." See Exhibit E annexed hereto and made a part hereof. Contrary to Rule 2.A of the Individual Practices of this Court [i.e., "Counsel must respond promptly (normally, within one business day) to any request from another party to confer in accordance with this paragraph.], and despite Defendants' request on April 23rd to Plaintiffs to discuss "any and all outstanding discovery issues," Plaintiffs filed their request for judicial intervention that same day.

Defendants do not contest the existence of certain discovery disputes. Defendants do however maintain that certain discovery issues are not necessarily disputes in need of judicial intervention.

Respectfully submitted,

*David B. Feldman*
David B. Feldman

cc: C. K. Lee, Esq. of the Lee Litigation Group, PLLC

# EXHIBIT A

38830.txt

1

```
 1                        ROUGH

 2     ------------------------------------------
       REALTIME AND INTERACTIVE REALTIME TRANSCRIPT
 3                ROUGH DRAFT DISCLAIMER
       ------------------------------------------
 4     IMPORTANT NOTICE:   AGREEMENT OF PARTIES
       ------------------------------------------
 5
       We, the party working with realtime and rough
 6     draft transcripts, understand that if we
       choose to use the realtime rough draft screen
 7     or the printout, that we are doing so with
       the understanding that the rough draft is an
 8     noncertified copy.

 9     We further agree not to share, give, copy,
       scan, fax or in any way distribute this
10     realtime rough draft in any form (written or
       computerized) to any party.  However, our own
11     experts, cocounsel and staff may have limited
       internal use of same with the understanding
12     that we agree to destroy our realtime rough
       draft and/or any computerized form, if any,
13     and replace it with the final transcript upon
       its completion.
14
                Case:  GARCIA VS. SPECTRUM
15              Date:  APRIL 21, 2015

16     REPORTER'S NOTE:
       Since this deposition has been realtimed and
17     is in rough draft form, please be aware that
       there may be a discrepancy regarding page and
18     line number when comparing the realtime
       screen, the rough draft, rough draft disk,
19     and the final transcript.

20     Also please be aware that the realtime screen
       and the noncertified rough draft transcript
21     may contain untranslated steno, reporter's
       note in double parentheses, misspelled proper
22     names, incorrect or missing Q/A symbols or
       punctuation, and/or nonsensical English word
23     combinations.  All such entries  will be
       correct on the final, certified transcript.
24          Court Reporter's Name:  THERESA TRAMONDO
            Firm Name:  DAVID FELDMAN WORLDWIDE
25
```

2

```
 1

 2          UNITED STATES DISTRICT COURT
       ^ EASTERN ^ SOUTHERN DISTRICT OF ^
 3     -------------------------------- X
       REPLACE,
```

Page 1

38830.txt

14    Q.    They get paid through a payroll
15  provider, right?
16    A.    Correct.
17    Q.    Nobody is paid by cash anymore?
18    A.    I believe there may be one -- there
19  is one individual or two individuals that are
20  paid cash.
21    Q.    The company Food Trends
22  transitioned to the -- I guess official
23  payroll system after you joined; is that
24  right?
25    A.    No, it was in place before I was

                                              68

1
2   there.  It was I believe during Nina's
3   employment that we started doings that.
4     Q.    During 2011?
5     A.    2011, 2011, 2012.
6     Q.    In regards to -- did you do --
7   there was a request for an e-mail search,
8   right?
9     A.    Yes.
10    Q.    Can you describe what was done for
11  electronic document search?
12    A.    Sure of the it was asked that I put
13  in the plaintiff's name and there were
14  certain key terms.
15    Q.    Which custodian did you look at?
16    A.    What does custodian mean.
17    Q.    Which e-mail person?
18    A.    I used me and Allison.    SPELL.

Page 57

38830.txt

| | | |
|---|---|---|
| 19 | Q. | Your mom, right? |
| 20 | A. | Yes. |
| 21 | Q. | Anybody else? |
| 22 | A. | No. |
| 23 | Q. | How about -- how about Nina? |
| 24 | A. | I didn't use her e-mail. |
| 25 | Q. | But she had a work e-mail also? |

                                                          69

 1
 2    A.    Yes.
 3    Q.    Is it Nina at Spectrum?
 4    A.    Food Trends catering dotcom.
 5    Q.    Did your grandfather have an
 6  e-mail?
 7    A.    No.
 8    Q.    You only looked at yourself and
 9  your mom and then what it did you do?
10    A.    There -- I put in the plaintiff's
11  name.
12    Q.    First name or last name?
13    A.    Both.
14    Q.    Separately or together?
15    A.    It was a keyword search, would
16  search if I put in Miguel Flores, it would
17  search Miguel and Flores and it would all
18  come up.
19    Q.    How do you know that?
20    A.    Because the term keyword would be
21  in the search, you can specify how you want
22  it searched.
23    Q.    Which e-mail program were you

```
                         38830.txt
24   using?
25       A.    Outlook.
                                                        70
 1
 2           So I would put in Miguel Flores the
 3   word and in caps and there was a list of
 4   certain terms that you wanted associated.
 5       Q.    It's not associated, it's an or
 6   search, so you search his name either first
 7   name or last name and that's a search then
 8   separately each of the individual search
 9   terms are searched individually?
10       A.    I interpreted it as put in Miguel
11   Flores and whatever the search term was.
12             (**RQ)MR. LEE:  Are you guys going
13       to re return the terms David?
14             MR. FELDMAN:  If there is a way
15       that it needs to be done to your
16       specification I have no problem with
17       that.  As long as it's understood by
18       Mr. Moskowicz.
19       A.    So can you explain to me how you
20   want it done.
21       Q.    You search each term individually.
22   So for example, in your search -- well it
23   needs to be a bullion search I'm not sure
24   outlook is a bullion search?
25       A.    I'm not familiar with the term
                                                        71
 1
 2   bullion what does that mean.
                      Page 59
```

38830.txt

3    Q.    For example if there is a term that
4  goes punching, the term punching, if you
5  write punch it would actually pick that up
6  all the permutations?
7    A.    Oh, it would.  Uh-hum.
8    Q.    Why don't you guys run that and we
9  will take a look at that?
10   A.    You want me to put Miguel forest
11 for example.
12   Q.    You put his name Miguel?
13   A.    Okay.
14   Q.    That is one search, you put his
15 name Flores that's another search?
16   A.    Okay.  What about all those key
17 terms those are all separate?
18   Q.    Yeah, they're all separate search,
19 I'm not sure you're able to do clock within
20 20 of (I N) "in" is in italics and
21 quotations?
22   A.    You want me to write clock,
23 within --
24   Q.    You can't do that, if you're not
25 doing a bullion search, it's not going to

                                          72

1
2  work.  You could do the clock that would pick
3  it up.
4         MR. LEE:  Why don't we do this off
5     the record later.
6         MR. FELDMAN:  We could keep it on
7     the record that way it's clear what we

38830.txt

```
 8         need to do.
 9    Q.   For example the first one is cater?
10    A.   I could search the word cater no
11  problem.
12    Q.   Then I want you to search the word
13  clock.
14    A.   Okay.
15    Q.   Search the word compensate.
16    A.   Okay.
17    Q.   Search the word cut, okay, search
18  the word reduce, okay?
19    A.   But I'm looking at your sheet right
20  now and in parenthesis it says cut or reduce
21  with 20 time or --
22    Q.   Hour?
23    A.   Or hour.
24    Q.   You're not able to do that.
25    A.   Don't you want me to search that
```

                                                  73

```
 1
 2  entire phrase is that what you want.
 3    Q.   No, no.
 4    A.   You want me to search every single
 5  word within each parenthesis.
 6    Q.   Yes?
 7    A.   Okay.
 8    Q.   It's the same thing for the entire
 9  list?
10    A.   Okay.
11    Q.   Okay great.
12             You guys still do deliveries,
```
Page 61

# EXHIBIT B

## David B. Feldman

**From:** David B. Feldman
**Sent:** Tuesday, April 14, 2015 1:32 PM
**To:** 'Anne Seelig'
**Subject:** Garcia, et al. v. Spectrum of Creations Inc., et al.

Anne,

I have tried contacting you Friday, Monday and earlier today as a follow-up to our telephone discussion last Wednesday, April 8, 2015. I can forward the discovery responses (written and evidentiary) to your attention on Thursday, April 16, 2015 and will accommodate you, if necessary, in any way possible regarding upcoming depositions.

Further, as discussed last week, I have authority to settle this case and am awaiting your response to Defendants' offer.

As per the most recent voice mail message that I left on your office answering machine earlier today, please call me at the office (212-554-7635) or on my cell phone (917-364-2682) to discuss the above. I do feel that this is a particularly opportune time to discuss and, if possible, effectuate a settlement.

Dave

David B. Feldman
**Moses & Singer LLP**
405 Lexington Ave.
New York, NY 10174
Direct Dial: 212.554.7635
Direct Fax: 212.377.6068
www.mosessinger.com

# EXHIBIT C

# David B. Feldman

| | |
|---|---|
| **From:** | David B. Feldman |
| **Sent:** | Friday, April 17, 2015 11:09 AM |
| **To:** | 'Anne Seelig' |
| **Cc:** | cklee@leelitigation.com |
| **Subject:** | Garcia, et al. v. Spectrum of Creations, Inc., et al. |
| **Attachments:** | img-417105449-0001.pdf |



img-417105449-000
1.pdf (382 KB...

Anne,

Please see the attached.

I tried speaking with you on Friday, April 10th, Monday, April 13th, Tuesday, April 14th and Thursday, April 16th as a follow-up to our discussion on Wednesday, April 8, 2015 in regard to discovery and settlement -- to no avail.

Notwithstanding the above, and unless I hear otherwise from you, David Moskowicz will be deposed on Monday and Alison Moskowicz on Tuesday based on availability.

Thank you Anne.

Dave


David B. Feldman
Moses & Singer LLP
405 Lexington Ave.
New York, NY  10174
Direct Dial:  212.554.7635
Direct Fax:  212.377.6068
www.mosessinger.com

1

# EXHIBIT D

### David B. Feldman

| | |
|---|---|
| **From:** | David B. Feldman |
| **Sent:** | Monday, April 20, 2015 8:08 PM |
| **To:** | 'cklee@leelitigation.com' |
| **Cc:** | anne@leelitigation.com; Angela Kwon; jasmin@leelitigation.com |
| **Subject:** | RE: Food Trends - Meet and confer |

C.K.,

The following constitutes my response to your recitation of what transpired at the meet and confer this afternoon:

General
1. Confirmed.
2. Disagree; I told you that Defendants are willing to provide a sampling of the invoices; that such a review by Plaintiffs could take place at Moses & Singer; and that the invoices presently at Moses & Singer contain information of a highly sensitive and proprietary nature requiring some kind of guarantee or agreement between the parties to ensure, as best as possible, confidentiality.
3. Disagree; I informed you that Defendants conducted a search pursuant to your search terms and that you should question David Moskowicz directly at his deposition tomorrow to confirm his results.
4. Disagree; I informed you that Defendants anticipate being able to provide the contracts with Seamless Web by noon on Thursday.

Interrogatories
1 & 10. Confirmed.

Document Requests
2. Confirmed.
12. Disagree; see No.2 above.
13. Confirmed.
18. Confirmed.
23. Confirmed; see No. 4 above regarding Defendants' contracts with Seamless Web.
24. Disagree; see No. 3 above.
25. Disagree; see No. 2 above.

I find it unfortunate if we have to have a meet and confer on our meet and confer.

Dave


David B. Feldman
**Moses & Singer LLP**
405 Lexington Ave.
New York, NY  10174
Direct Dial: 212.554.7635
Direct Fax: 212.377.6068
www.mosessinger.com

---

**From:** cklee@leelitigation.com [mailto:cklee@leelitigation.com]
**Sent:** Monday, April 20, 2015 12:23 PM
**To:** David B. Feldman

4/27/2015

David, below confirms the details of our meet and confer today regarding outstanding discovery issues.  Thanks.

General

1. Defendants will consider providing Deposition transcripts of Alla, David and Vyacheslav and provide response by Thursday noon.

2. Invoices.  These records will be made available for review on premises.  You will let me know by Thurs noon as to when we can enter.

3. E-Discovery.  Your discovery merely states that none were found, but you did not know what client did, nor what a Boolean search was.

4. Seamless Web.  You will let me know by Thurs noon when you will be able to produce invoices and professional contracts with Seamless Web.  I will serve Seamless with a subpoena if you are not able to provide the documents I request.

Interrogatories:

1 and 10. Defendants refuse to provide.

Document Requests:

2. Defendants refuse to provide.

12. Defendants will provide invoices (pursuant to agreement above)

13. Defendants refuse to provide.

18. Defendants will provide corporate documents by Thursday noon.

23. Seamless web contracts will be provided by Thursday noon.

24. Defendants refuse to produce and is unable to detail the protocol taken.

25. Defendants will provide documents relating to mandatory charges by Thursday noon.

C.K. Lee
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
Email: cklee@leelitigation.com
Main: (212) 465-1180
Direct: (212) 465-1188
Fax: (212) 465-1181

4/20/2015

# EXHIBIT E

### David B. Feldman

**From:** David B. Feldman
**Sent:** Thursday, April 23, 2015 10:03 AM
**To:** 'cklee@leelitigation.com'
**Subject:** RE: Food Trends

C. K.,

I am disappointed that you unilaterally (without any discussion) cancelled the deposition for Friday along with all future depositions scheduled for Plaintiffs, particularly after having deposed all Defendants.

Please feel free to contact me tomorrow (anytime in the afternoon that works for you) to discuss any and all outstanding discovery issues.

Thank you.

Dave

David B. Feldman
**Moses & Singer LLP**
405 Lexington Ave.
New York, NY  10174
Direct Dial:  212.554.7635
Direct Fax:  212.377.6068
www.mosessinger.com


**From:** cklee@leelitigation.com [mailto:cklee@leelitigation.com]
**Sent:** Wednesday, April 22, 2015 3:56 PM
**To:** David B. Feldman
**Cc:** anne@leelitigation.com; jasmin@leelitigation.com
**Subject:** Food Trends


Hi David, I am going to cancel the depositions that are scheduled for the Plaintiffs because I need to amend the complaint for new claims, and also need your supplemental production before I can produce them.

Please let me know if you can agree to the amendment (or whether we have to brief it as a motion).

I will also be sending into the Court a letter outlining our discovery disputes that we could not resolve, after I receive your supplemental response that is due 12pm tomorrow.

Thank you.

C.K. Lee
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
Email: cklee@leelitigation.com
Main: (212) 465-1180
Direct: (212) 465-1188
Fax: (212) 465-1181


4/27/2015